**SO ORDERED.**

**SIGNED this 31 day of January, 2025.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:                                                          CASE NO. 22-02917-5-DMW

PORT CITY CONTRACTING SERVICES, INC.
                                                               CHAPTER 7
        DEBTOR


### ORDER DENYING MOTION TO COMPEL ATTENDANCE
### AND MOTION FOR JUDGMENT ON THE PLEADINGS

This matter comes before the court upon the Motion to Compell [sic] Attendance (DE #298) ("Motion to Compel") and Motion for Judgement [sic] on the Pleadings (DE #302) ("Rule 12(c) Motion") filed by Robert Paul Sharpe ("Mr. Sharpe") on December 30, 2024 and January 3, 2025, respectively. The court conducted a hearing on January 30, 2025 in Wilmington, North Carolina, and Mr. Sharpe appeared *pro se*. Also present at the hearing were Algernon L. Butler III, Esq., Chapter 7 trustee for Port City Contracting Services, Inc., Elizabeth Castle Taylor, Esq., counsel for Daniel M. Shoaf ("Mr. Shoaf"), John C. Bircher III, Esq., counsel for Mark Eastham and Peter Spark ("Mr. Spark"), and Richard P. Cook, Esq. ("Mr. Cook"), former special counsel in the case.

In the Motion to Compel, Mr. Sharpe requests the court to compel the attendance of Mr. Cook, Mr. Spark, and Mr. Shoaf at the scheduled hearing on the Motion to Compell [sic] Trustee to Abandon Property (DE #284) ("Motion to Abandon") filed by Mr. Sharpe on December 9, 2024. With the Rule 12(c) Motion, Mr. Sharpe further requests the court to consider and rule upon the Motion to Compel without a hearing.[1] The proper mechanism for Mr. Sharpe to procure attendance of potential witnesses at a hearing is through subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, incorporated by Rule 9016 of the Federal Rules of Bankruptcy Procedure. Mr. Sharpe did not obtain subpoenas directing Mr. Cook, Mr. Spark, and Mr. Shoaf to appear at the hearing on the Motion to Abandon, and the court cannot otherwise compel their attendance; now therefore,

It is ORDERED, ADJUDGED, and DECREED that the Motion to Compel and the Rule 12(c) Motion be, and hereby are, denied.

END OF DOCUMENT

---

[1] Mr. Sharpe seemingly makes this request pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as incorporated by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure; however, Rule 12(c) is inapplicable to contested matters such as the Motion to Abandon. *See* Fed. R. Bankr. P. 9014.