UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:25-cv-00251-M

| | |
|---|---|
| ROBERT SHARPE, ) | |
| ) | |
| APPELLANT, ) | |
| ) | JOINT MOTION FOR SANCTIONS |
| ) | |
| ) | PURSUANT TO FRBP 9011 |
| PETER J. SPARK, MARK LEON ) | |
| EASTHAM, DANIEL M. SHOAF, ) | |
| THE DAVINCI COMPANY, LLC, ) | |
| DAVINCI AEROSPACE, LLC, ) | |
| ALGERNON L. BUTLER, III, AS ) | |
| CHAPTER 7 TRUSTEE, ) | |
| ) | |
| INTERESTED PARTIES. ) | |

NOW COMES Daniel Shoaf, The DaVinci Company, LLC, DaVinci Aerospace, LLC, Mark Eastham, Peter Spark, and Algernon L Butler, III, as Chapter 7 Trustee for Port City Contracting Services, Inc. (collectively, the "Movants"), by and through counsel, and hereby respectfully request that the Court enter an order determining that Robert Paul Sharpe in this action has violated Fed. R. Bankr. P. 9011 (b) and assess sanctions against him as a result of such violation. In support hereof, the Movants show unto the Court follows:

1. Movants are participants in the matter of <u>In re: Port City Contracting Services, Inc.</u>, Case No. 22-02917-5-DMW (the "Case"), pending in the United States Bankruptcy Court, Eastern District of North Carolina, Wilmington Division.

2. On December 30, 2024, Sharpe filed a Motion to Compell [sic] Attendance in the Case [DE 298], requesting the Bankruptcy Court order Daniel Shoaf, Peter Spark and Richard Cook (the "Potential Witnesses") to attend a hearing originally scheduled for January 20, 2025, but

rescheduled and actually held on January 27, 2025.

3. On January 3, 2025, Sharpe filed a Motion for Judgement [sic] on the Pleadings [DE 302]. In that Motion, Sharpe requested that the Bankruptcy Court rule on Docket Entry 298 prior to the date of the hearing (DE 298, together with DE 302, the "Motions").

4. On January 30, 2025, the Bankruptcy Court heard arguments on the Motions and explained to Sharpe that, because Sharpe had not issued subpoenas to any of the Potential Witnesses, the Bankruptcy Court had no power to compel the Potential Witnesses to attend the hearing. Additionally, the Bankruptcy Court explained to Sharpe that a motion for judgment on the pleadings was not the proper procedural mechanism for requesting the Bankruptcy Court rule on a motion within a particular time period. The Bankruptcy Court then denied both of the Motions at the hearing for those reasons and followed up the next day by entering the Order Denying Motion to Compel Attendance and Motion for Judgment on the Pleadings [DE 322] (the "Order").

5. On February 3, 2025, Sharpe filed a Notice of Appeal [DE 325] (the "Notice of Appeal"), appealing the "denial of all motions at hearing on January 30th, 2025. *See* [DE 321, DE 322] and any subsequent opinions or orders forthcoming." Docket Entry 325.

6. The Notice of Appeal was filed for an improper purpose, including the purpose of harassment and causing unnecessary delay and needless increase in the cost of litigation to the Movants.

7. Sharpe's appeal of the Order is interlocutory, and Sharpe has not complied with Fed. R. Bankr. P. 8004(a). Sharpe's failure to comply with Fed. R. Bankr. P. 8004(a) is not warranted by existing law or by a non-frivolous argument for extension, modification, or reversal of existing law or the establishment of new law.

8. Further, the Notice of Appeal by its own terms covers orders that have not yet been issued;

thus, Sharpe cannot possibly have made a reasonable inquiry into whether an appeal of the unissued orders is warranted by existing law or by a non-frivolous argument for the extension. modification. or reversal of existing law or the establishment of new law, as required by Fed. R. Bankr. P. 9011(b).

9. With respect to the Order that was issued, there is no basis for appeal under existing law nor is there a non-frivolous argument for the extension. modification. or reversal of existing law or the establishment of new law, as required by Fed. R. Bankr. P. 9011(b).

10. Thus, Sharpe's filing of the Notice of Appeal is a violation of Fed. R. Bankr. P. 9011(b).

11. As a result of Sharpe's violation of Fed. R. Bankr. P. 901l(b), Sharpe should be sanctioned and assessed for the reasonable expenses and attorneys' fees incurred by Movants in presenting this motion and for an additional amount imposed in order to ensure the effective deterrence of similar conduct in the future.

12. This motion was served upon Sharpe on the date of this motion indicated below. By service of this motion, Movants request that Sharpe withdraw his Notice of Appeal and notice is hereby given that this motion shall be filed with and presented to the Court unless the Notice of Appeal is withdrawn within 21 days after service hereof.

WHEREFORE, the Movants respectfully request that the Court enter an order determining Sharpe's conduct as set forth herein to be in violation of Fed. R. Bankr. P. 9011, sanctioning Sharpe as requested herein, and for such other and further relief as to the Court may seem just and proper.

This the 12th day of February, 2025.

/s/ Elizabeth C. Taylor
Elizabeth C. Taylor/ NCSB# 27971
Attorney for Interested Party Daniel Shoaf
5008 E Oak Island Drive
Suite 2, Box 135
Oak Island, NC 28465
Telephone: 336-207-1182
Email: elizabeth@ectaylorlaw.com
*Attorney for Daniel Shoaf*

/s/Charles M. Ivey, III
Charles M. Ivey, III
N.C. State Bar No. 8333
Ivey, McClellan, Siegmund
Brumbaugh & McDonough
305 Blandwood Avenue
Greensboro, NC 27401
Telephone: 336-274-4658
Email: cmi@iveymcclellan.com
*Attorney for the DaVinci Companies*

/s/ John C. Bircher III
John C. Bircher III
N.C. State Bar No. 24119
DAVIS HARTMAN WRIGHT LLP
209 Pollock Street
New Bern, NC 28560
Telephone/Fascimile (252) 262-7055
Email: jcb@dhwlegal.com
*Attorney for Peter J. Spark and Mark Leon Eastham*

s/ Algernon L. Butler, III
Algernon L. Butler, III
N.C. State Bar No. 20881
BUTLER & BUTLER, L.L.P
P. O. Box 38 Wilmington, NC 28402
Telephone: (910) 762-1908
Email: albutleriii@butlerbutler.com
*Attorneys for the Chapter 7 Trustee for Port City Contracting Services, Inc*

CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing Joint Motion for Sanctions Pursuant to FRBP Rule 9011 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants in this case.

This the 10th day of March, 2025.

*/s/ Elizabeth C. Taylor*
Elizabeth C. Taylor
N.C. State Bar No. 27971
5008 E Oak Island Drive
Suite 2, Box 135
Oak Island, NC 28465
Telephone: 336-207-1182
Email: elizabeth@ectaylorlaw.com
*Attorney for Daniel Shoaf*