IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:25-CV-00251-M

| IN RE: PORT CITY CONTRACTING SERVICES, INC. | ORDER |
|---|---|

This matter comes before the court on a Notice of Appeal filed by Robert Paul Sharpe ("Appellant") [DE 1]. The Appeal is "related to [the] denial of all motions at [a] hearing" at the United States Bankruptcy Court for the Eastern District of North Carolina "on January 30th, 2025," as well as "any subsequent opinions or orders forthcoming." DE 1 at 1. At the January 30 hearing, United States Bankruptcy Judge David M. Warren denied (1) a "Motion to Compell [sic] Attendance" filed by Appellant, which sought to compel the attendance of witnesses at the hearing, and (2) a "Motion for Judgement [sic] on the Pleadings" filed by Appellant, which sought a ruling on the Motion to Compel "without a hearing." DE 1-1 at 1-2. Judge Warren denied both motions as procedurally improper, explaining that "[t]he proper mechanism . . . to procure attendance of potential witnesses at a hearing is through subpoenas issued pursuant to Rule 45 of the Federal Rules of Civil Procedure," and further noting that "Rule 12(c)" was "inapplicable" to the motion to compel. *Id.* at 2 & n.1. This appeal followed.

Several interested parties have moved to dismiss the appeal, including Brian C. Behr, U.S. Bankruptcy Administrator for the Eastern District of North Carolina [DE 3], and Mark Eastham and Peter Spark [DE 26]. They argue that the instant appeal relates to an interlocutory order, and that leave should not be granted for such an appeal. DE 3 at 3-5; DE 27 at 2-5. Appellant opposes these motions. DE 6; DE 28. A series of miscellaneous motions are also pending before the court. DE 5; DE 22; DE 23; DE 24; DE 25. The motions are all fully briefed and ready for decision.

1

Federal "courts must always assure themselves of subject matter jurisdiction before reaching the merits." *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180, 187 (4th Cir. 2019). On that topic, a district court has "jurisdiction to hear appeals . . . from *final* judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a) (emphasis added). Generally, a final decision "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Britt v. DeJoy*, 45 F.4th 790, 792 (4th Cir. 2022). Finality is somewhat unique in the context of a "bankruptcy case," which "involves 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (quoting 1 Collier on Bankruptcy ¶ 5.08[1][b], p. 5–42 (16th ed. 2014)). Thus, when assessing the finality of a decision from a bankruptcy judge, "the challenged bankruptcy decision does not have to end the entire bankruptcy case," but it does have "to end a proceeding inside the case." *Kiviti v. Bhatt*, 80 F.4th 520, 529 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 2519 (2024).

The instant appeal concerns, in essence, a discovery order: Appellant sought to compel witness testimony at a hearing, and the Bankruptcy Court determined that a motion to compel was not the right vehicle through which to achieve that goal. *See* DE 1-1 at 1-2. This court lacks jurisdiction over an appeal of that decision; "discovery orders aren't final and appealable; they are part of resolving a larger dispute." *In re Bestwall, LLC*, 99 F.4th 679, 686 (4th Cir. 2024). There is "extensive case law holding bankruptcy discovery orders to be interlocutory." *In re Royce Homes LP*, 466 B.R. 81, 89 (S.D. Tex. 2012) (collecting cases). Because the Bankruptcy Court's "discovery ruling" was "a clearly interlocutory decision," *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991), the instant appeal does not relate to a "final judgment[], order[], [or] decree[]." 28 U.S.C. § 158(a).

Because Appellant cannot appeal as of right, only Section 158(a)(3) remains potentially available to him. That provision authorizes appeals of "interlocutory orders and decrees" if the appellant obtains "leave of court." 28 U.S.C. § 158(a)(3). To obtain leave, an appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). "When deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, the district court may employ an analysis similar to that applied when certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b)." *KPMG Peat Marwick, L.L.P. v. Est. of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000). That three-factor analysis requires a showing that "1) the order involves a controlling question of law, 2) as to which there is substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation." *In re Pawlak*, 520 B.R. 177, 182 (D. Md. 2014). The appellant bears the burden of establishing each factor and, if any factor is not met, leave to appeal will be denied. *See In re Air Cargo, Inc.*, No. 08-CV-587, 2008 WL 2415039, at *3 (D. Md. June 11, 2008).

Appellant has not met his burden. In fact, he has not requested leave of court to take this appeal. *See* DE 1; *see also* Fed. R. Bankr. P. 8004(a). Even if he had, the court finds that the discovery order of the Bankruptcy Court does not involve a controlling issue of law as to which there is substantial ground for a difference of opinion, or that immediate appeal would materially advance the termination of the litigation. *Pawlak*, 520 B.R. at 182. Thus, the court discerns no

3

"exceptional circumstances" that would "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand*, 437 U.S. at 475.[1]

Further, to the extent Appellant seeks to appeal "any subsequent opinions or orders forthcoming," DE 1 at 1, his notice of appeal is improper and without legal effect. Appellant cannot appeal an order before it has been issued. And attempting to do so reflects a vexatious litigation tactic that needlessly multiplies the proceedings and strains both party and judicial resources. Filings by pro se parties may be "granted a degree of indulgence not extended to lawyers." *Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1078 (E.D. Va. 1997). But pro se parties "must still abide by the legal standards" and "rules of procedure," which "includes Rule 11 of the Federal Rules of Civil Procedure." *Crisp v. Allied Interstate Collection Agency*, 149 F. Supp. 3d 589, 596 (M.D.N.C. 2016). Appellant is advised to review Rule 11 prior to making further filings in this court.

In sum, Appellant may not appeal the discovery order as of right, 28 U.S.C. § 158(a)(1), and the court denies leave to pursue an interlocutory appeal, 28 U.S.C. § 158(a)(3). As a result, this court lacks jurisdiction over this appeal, the motions to dismiss [DE 3; DE 26] are GRANTED, and the notice of appeal [DE 1] is DISMISSED.

Further, the Joint Motion to Shorten Time [DE 5] is DENIED AS MOOT. Appellant's Emergency Motion for Direct Appeal [DE 22] is DENIED for the same reasons the court denies leave to pursue an interlocutory appeal. Appellant's Motion to Dismiss [DE 24] Case No. 7:25-CV-391-M is DENIED WITHOUT PREJUDICE to Appellant filing an appropriate motion in that case. Appellant's Motion for Affirmative Relief [DE 25] is DENIED because this court has no

---

[1] The court is aware that Appellant filed what he styled as the "QUESTIONS TO BE CONSIDERED" and an "AMENDED STATEMENT OF ISSUES" in the instant appeal. *See* DE 17-2; DE 17-3. But those questions and issues bear no relevance to the discovery order at issue.

4

jurisdiction to "set aside improper rulings" purportedly "made by the [B]ankruptcy [C]ourt" outside of the context of a proper appeal. DE 25 at 1; 28 U.S.C. § 158(a).

Last, out of an abundance of solicitude to Appellant's pro se status, the Joint Motion for Sanctions [DE 23] is DENIED. The court recognizes that the parties have engaged in extensive (and oftentimes contentious) litigation in the Bankruptcy Court. Because Judge Warren is more familiar with the parties' dispute and their litigation history, the court leaves it to him to determine whether and to what extent sanctions may be appropriate in that action.

The Clerk of Court is directed to close this case.

SO ORDERED this 19th day of June, 2025.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

5